IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KELVIN GILLIAM, #182438 | * | |
| v. | * | CIVIL ACTION NO. JFM-10-1309 |
| LT. ROBERT M. FRIEND | * | |
| RONALD S. WEBER | | |
| MARGARET REEVES | * | |
| MR. KNIGHT, CCM | | |
| WARDEN PHILIP MORGAN[1] | * | |

\*\*\*

MEMORANDUM

Kelvin Gilliam ("Gilliam") is an inmate confined at the Western Correctional Institution ("WCI"). On May 20, 2010, the court received for filing Gilliam's 42 U.S.C. § 1983 civil rights action for injunctive relief. He alleges that he is in imminent danger of serious harm because he is not receiving treatment for his serious mental disorder. ECF No. 1. Gilliam complains that he suffers from some form of "paranoia, delusion, and hallucinations of paranoid schizophrenia." He claims that he has been confined since 1985 and has been housed on disciplinary segregation since 1994 for the "sole reason that he's suffering from paranoia of being around other people." Gilliam alleges that his mental state is rapidly deteriorating. He states that he has not been provided psychiatric treatment and his continued assignment to segregation for refusing general population housing should have raised "red flags" for mental health professionals. Gilliam seeks injunctive relief, asking to be transferred to Patuxent Institution's mental health unit or, in the alternative, to be examined by a psychiatrist from the Maryland Department of Health & Mental Hygiene.[2]

---

[1] Plaintiff's name is Kelvin Gilliam and defendant Margaret Reeves last name is Reed. The Clerk shall correct the docket accordingly.

[2] Gilliam raises a naked assertion that holding him on segregation for nine years is tantamount

On December 3, 2010, defendants filed a motion to dismiss or, in the alternative, motion for summary judgment. ECF No. 18. Plaintiff was granted an extension of time to February 15, 2011, but has not filed an opposition.[3] The court finds that an oral hearing is not necessary to the disposition of this case. *See* Local Rule 105.6. (D. Md. 2010). For reasons to follow defendants' motion, treated as a motion for summary judgment, shall be granted.

Under the 2010 revisions to the Federal Rules of Civil Procedure:

> A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

*See* Fed. R. Civ. P. 56(a)

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

*See* Fed. R. Civ. P. 56(c)

Under Supreme Court standard of review, this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an

---

to the use of excessive force. ECF No. 1, attachment at p. 5. He also claims in his affidavit that he is "being mistreated in double-cell housing" as instead of any psychological care he is cited with adjustment "tickets" and placed on "lock up" for refusing housing. *Id*. at Affidavit.

[3] Gilliam has filed a "motion in opposition to motion to dismiss" with his original complaint in anticipation of defendants filing a responsive pleading. The motion has been considered by the court.

2

> otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

The party seeking summary judgment bears an initial burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the moving party has met that burden, the non-moving party must come forward and demonstrate that such an issue does, in fact, exist. *See Matsushita Elec. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87 (1986). "The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)); *see also Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc.*, 840 F.2d 236, 240 (4th Cir. 1988).

In conducting the aforementioned analysis, the court generally must view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party. *See Scott v. Harris,* 550 U.S. 372, 376-77 (2007). However, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Id.* at 380.

Under Supreme Court law, the party seeking injunctive relief must demonstrate: (1) by a "clear showing" that, he is likely to success on the merits at trial; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *See Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, __ , __, 129 S.Ct. 365, 374-376 (2008).

3

As an inmate sentenced to confinement, Gilliam is entitled to receive reasonable treatment for his serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97 (1976). Failure to provide treatment, when indicating a "deliberate indifference to serious medical needs of prisoners" results in "the 'unnecessary and wanton infliction of pain,'...proscribed by the Eighth Amendment." *Id*. at 104. Deliberate indifference is shown by establishing that the defendant had actual knowledge or awareness of an obvious risk to a plaintiff's serious medical need and failed to take steps to abate that risk. *See generally, Farmer v. Brennan*, 511 U.S. 825 (1994); *Brice v. Virginia Beach Correctional Center*, 58 F. 3d 101 (4th Cir. 1995). An inmate also has an Eighth Amendment right to be free from deliberate indifference to serious psychiatric needs. *See Comstock v. McCray*, 273 F.3d 693, 702 (6th Cir. 2001). There is no underlying distinction between the right to medical care for physical ills and its psychological and psychiatric counterpart. *See Bowring v. Goodwin*, 551 F.2d 44, 47 (4th Cir. 1977). An inmate is entitled to such treatment if a "[p]hysician or other health care provider, exercising ordinary skill and care at the time of the observation, concludes with reasonable certainty (1) that the prisoner's symptoms evidence a serious disease or injury; (2) that such disease or injury is curable or may be substantially alleviated; and (3) that the potential for harm to the prisoner by reason of delay or the denial of care would be substantial." *Id*. The *Bowring* court further concluded that the aforementioned right to such treatment is based upon the essential test of medical necessity and not upon that care considered merely desirable. *Id*. at 48. As previously noted, even if the inmate shows that he was denied psychological or psychiatric treatment, he must also demonstrate that the failure or refusal to provide treatment constituted deliberate indifference on behalf of medical personnel.

Defendants' declarations set out the following information. Over the course of three years, Gilliam received nine adjustments for refusing housing and was sanctioned with terms of disciplinary segregation after pleading guilty to the infractions on all but one occasion. ECF No. 18, Ex. 1 at Winters Decl. Further, he was housed on administrative segregation from August 3, 2006, to April 7, 2008, at the direction of the medical department due to his refusal to submit to a tuberculosis ("PPD") test. Gilliam remained on administrative segregation until a court order could be obtained to force him to take the tuberculin test.[4] *Id.*

Defendant Reed, WCI's Chief Psychologist, affirms that Gilliam does not suffer from a serious mental illness. ECF No. 18, Ex. 3 at Reed Decl. According to Reed, Gilliam's psychiatric records show that multiple assessments have been conducted during the course of his confinement, in 1991, 1998, 2005, and 2006, all of which revealed no signs or symptoms of schizophrenia or any other serious mental illness. Moreover, Gilliam has been seen by the psychology department periodically throughout his incarceration at his request, and is consistently evaluated as "within normal limits" including no sign of psychosis or acute distress. Reed asserts that Gilliam has been housed at WCI since May of 2005, and has not been seen by the psychology department since 2006. She affirms that Gilliam is aware of the procedure for self-referral to psychology services as he has previously availed himself of those services. *Id.*

Defendants argue that Gilliam's Eighth Amendment rights were not violated because he was not denied necessary psychiatric care and he has failed to articulate a claim of excessive force. The court concurs. The verified record shows that Gilliam has no documented serious mental illness and

---

[4] The Winters's declaration references attached records. No records, however, accompanied the responsive motion. The court finds this harmless error, given the information provided in all three declarations.

that his previous mental health assessments were all within normal limits. It remains unrefuted that since 2006 he has not made any attempt to obtain psychological care through self-referral by sick-call encounter requests. Gilliam claims that his continued refusal to accept general population housing should have placed defendants on notice of the severity of his mental health conditions. The court finds this assertion unavailing under the deliberate indifference standard set out under *Farmer*. The court therefore finds that his complaint for injunctive relief is without merit.[5] Gilliam cannot by a "clear showing" demonstrate that he is likely to success on the merits at trial and that he is likely to suffer irreparable harm in the absence of injunctive relief. A separate Order reflecting the rulings entered in this opinion shall be entered.

Date: __March 2,_____, 2011    ___/s/_____
                                    J. Frederick Motz
                                    United States District Judge

---

[5] Defendants also argue, and it is not refuted, that there is no evidence that Gilliam filed administrative remedy procedure ("ARP") grievances or remedies with the Inmate Grievance Office ("IGO") claiming that his psychological conditions have gone untreated and/or that he has been placed on disciplinary segregation as a result of his psychological needs being ignored. ECF No. 18, Exs. 1 & 2 at Winters and Oakley Decls. The court therefore finds that the complaint would alternatively be subject to dismissal for non-exhaustion under 42 U.S.C. §1997e(a).